# EXHIBIT 4

**REBUTTAL TO PLAINTIFF'S EXHIBIT 83**

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason the Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| Knowledge Plaintiff Had Disability | Denies knowledge (p.16:8–10) | Admits awareness of learning disability (p.28:8–12) | | | Simply one person knowing a fact and the other person not knowing that fact. |
| Dyslexia is Lifelong Disability | Agrees (p.9:3–5) | Has no education on learning disability (p.22) | | | Simply one person knowing a fact and the other person not knowing that fact. |
| Accommodations Must Be Effective | Agrees (p.12:8–12) | Denies responsibility to ensure effectiveness (p.25:16–19) | | | The two witnesses are not answering the same question. Also, Henry's testimony was that the accommodation "has to meet the needs that are documented through the process." [ECF No. 31-5, PageID.710-711]. |

## REBUTTAL TO PLAINTIFF'S EXHIBIT 83

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| HR Responsible for Monitoring Effectiveness | States HR must ensure effectiveness (p.12:13–19) | Denies HR responsibility (p.25:16–19) | | | Ropp testifies that it "usually goes toward HR" to "make sure that accommodations . . . are effective and remain effective." [ECF No. 31-2, Page.ID.515:13-19]. Henry **testifies consistently** that the medical professional determines if the accommodation is effective, and HR makes sure the process is being followed. [ECF No. 31-5, Page.ID.711:11-24]. |

IBUTZEL\000161884\0003\201295278.v1-4/14/26

## REBUTTAL TO PLAINTIFF'S EXHIBIT 83

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| Who can grant accommodations | Human Resources (p.12:13-19; p.22:4-7) | She avoids answering directly at any point in her deposition. | No one besides CEO and senior leadership. (p.28:14-17) | | Ropp does not testify that Human Resources grants accommodations.  Also, there is no cite provided where Henry avoids answering who grants an accommodation.  Windy is testifying about who can include the scribe in Plaintiff's employment agreement, not about who can grant an accommodation . [ECF No. 31-4, PageID.640, 649]. |

## REBUTTAL TO PLAINTIFF'S EXHIBIT 83

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| **Plaintiff ever provided accommodation** | Does not know (35:8) | First denies knowledge, then admits awareness of request not fulfilled. (31:1-12) | | | Simply one person knowing a fact and another person not knowing that fact. Further, Henry did not deny knowledge.  She said that she did not know if Plaintiff had a scribe between 2022 and 2024 but does remember that **at some point** he asked for a scribe and did not get one. [ECF No. 31-5, PageID.717]. |
| **Individualized Inquiry** | Accommodation depends on an individual (13:19-25; 14:1) | She excludes direct communication with the employee (39:18) | | | The witnesses are answering different questions.  [ECF No. 31-2, PageID.516:19-517:1; ECF No. 31-5, PageID.725:18] Also, Henry does not testify that she excludes direct communication with the employee.  Id. |

## REBUTTAL TO PLAINTIFF'S EXHIBIT 83

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| Jan 6, 2023 Discrimination Complaint | Acknowledges complaint (21:21-25; 22:1-13) | Denies remembering (58:11-20) | | | Simply one person knowing a fact and another person not knowing that fact. |
| Plaintiff Requested Accommodation (June 6, 2024) | Denies request occurred (p.33:12) | | Acknowledges Plaintiff requested scribe and explained disability (p.21:20-24) | | Ropp did not deny that the request occurred; he testified that **he did not remember** anything specific about a scribe. [ECF No. 31-2, PageID.536:9-12].  Windy simply remembered something that Ropp did not remember. [ECF No. 31-4, PageID.642:20-24]. |

## REBUTTAL TO PLAINTIFF'S EXHIBIT 83

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| Documentation needed for accommodation request | Any kind of documentation supporting dyslexia diagnosis (p.23:14) | Form filled by medical provider (p.58:11-20) | | | Ropp did not say Plaintiff could provide anything he wanted; moments earlier, he had testified consistently with Henry that Plaintiff needed to provide "the appropriate paperwork."  [ECF No. 31-2, PageID.526:16-20]. |
| Who Entered Plaintiff Office Aug. 2024 | Windy, Rates, and corporate security head "Fisher" entered (p.39:15; p.40:2) | Corporate security head was not there. (p.72:1-6) | States only Windy and Rates were on site. (p.48:15-17) | | Windy did not testify that only she and Rates were on site. [ECF No. 31-4, PageID. 669:15-17]. Henry's testimony is that the Corporate Security Head was not there when she called police, but got to the site later. [ECF No. 31-5, PageID. 758:1-6]. Ropp was simply mistaken about what time "Fisher" got to the site. [ECF No. 31-2, PageID.5342-43]. Regardless, that fact is immaterial. |

## REBUTTAL TO PLAINTIFF'S EXHIBIT 83

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| Conference Calls Aug. 29, 2024 | One call with hospital on Aug. 29 (p.36:24; 37:1); one conference call Ropp+Henry+Windy (p.35:12-15) | Two conference calls Ropp+Henry+Windy (p.65:16-21; p.69:16-20) | Describes call chain (p.44:1-12), no conference calls | | Plaintiff's counsel told Ropp: "**Don't worry about the dates** . . . Just tell me what you recall about **any** conversation . . ." [ECF No. 31-2, Page ID. No.538:24-25].  Henry did not testify that the second call was a conference call; she testified that she walked to Dr. Ropp's office to call Windy.  [ECF No. 31-5, PageID.755:16-20].  Windy, admitting her recollection was unclear, said that she called Dr. Ropp and that, "If I recall, I believe Carla had contacted me back." [ECF No. 31-4, PageID.665:10-12]. Nevertheless, this fact is not of consequence to the determination of Plaintiff's claims. |

## REBUTTAL TO PLAINTIFF'S EXHIBIT 83

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| More calls | Confirms talking to Rates on Aug. 30th (p.39:1-5) | | | Denies talking to Dr. Ropp or Carla Henry (p.48:18-20); p.44:25) | Ropp "**thinks**" he spoke to Rates on the 30th. [ECF No. 31-2, PageID.542:4-5]. Rates does not deny talking to Ropp; he only testified that he did not talk to Ropp "before calling law enforcement." [ECF No. 31-3, PageID.609:22-25]. |
| Dr. C is in the building when MMG discovers items on Aug 29th | Denies knowing that Dr.C was seeing patients at that time. (p.37:8-10) | | Says she did not know if he was in the building (p.42:17-19), tells police that he WAS in the building seeing patients (Ex. 103, p.14:3-4) | | No evidence that anyone told Dr. Ropp that Plaintiff was seeing patients when items were found. Windy testified that **she did not know** if Plaintiff was in the office when they found disturbing items on August 29. [ECF No.31-4, PageID.663:17-19]. She told police that Plaintiff had seen patients on the 29th, but not when they found the items. [ECF No.34-53, PageID.1816:2-4]. |

**REBUTTAL TO PLAINTIFF'S EXHIBIT 83**

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| **Who evacuated the building** | | | We evacuated the building (p.52:17-18) Fact: Police evacuated the building (Ex. 103 p.3:15-17) | We evacuated the building and then police took over (49:13-15). Fact: evacuation happened by Police (Ex. 103, p.3:15-17 | Windy and Rates are testifying about what they and the police did; the "we" includes the police. [ECF No. 31-4, PageID.673:11-18; ECF No. 31-3, PageID.610:12-16]. |
| **Was anyone in Bad Axe hospital contacted on the 29th about Dr. C?** | He contacted the hospital on the 29th (p.36:14; p.37:1.) BUT, Hospital COO states on Aug 30th he just found out about it (Ex. 103, p.3:12-13) | No one contacted hospital security; corporate security in Flint was contacted on the 30th. (p.69:1-4) | | | Ropp testified that he contacted corporate security and the hospital. [ECF No.31-2, PageID.539:12-540:1]. Henry testified that she spoke with Windy and corporate security. [ECF No. 31-2, PageID.755:1-4]. RopStatements by "unknown male" are not evidence of the hospital COO's knowledge. Regardless, this fact is not of consequence to the determination of this action. |

IBUTZEL\000161884\0003\201295278.v1-4/14/26

## REBUTTAL TO PLAINTIFF'S EXHIBIT 83

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| Investigation Participants | Rates, Windy, "Fisher" (p.51:18) | internal counsel (p.81:10-11) | Denies participating in investigation (p.59;1-13; p.60:1-6) | Denies participating in investigation (p.55:15-17; p.56:22-24) | Ropp did not testify that he talked to Rates and Windy specifically. [ECF No. 31-2, PageID.554:18-21]. Not Henry testified that they spoke with internal counsel. [ECF No. 31-5, PageID.767:11]. |
| Who Knew that Aug. 30 was Plaintiff's Day Off | | Decision to enter Dr. C's office on Friday was made BECAUSE it was his day off. (p.66:12-22) | Did not know if Friday was Dr's day off (p.42:17-19) | He knew Friday was Plaintiff's day off (p.4618-20) | Windy does not testify that she did not know Plaintiff was off on Friday; she testified that **she did not know if Plaintiff was in the building on Thursday** when they found the disturbing items. [ECF No. 31-4, PageID.663:17-19]. |

IBUTZEL\000161884\0003\201295278.v1-4/14/26

## REBUTTAL TO PLAINTIFF'S EXHIBIT 83

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| What happened after "bomb scare event" | | | Repeatedly denies entering Dr. C's office after "bomb scare" (p.57:13-14; p.58:6-17; p.63:10-25; p.64:1-9  But Body-Cam places here there (Ex. 119, Time Stamps 0.0; 0:55; 1:40 | | When asked about video that showed her going back in office, Windy apologized that she did not remember going back to the office, explaining, "It was so chaotic with everything going on I don't recall." [ECF No. 31-04, PageID.684:10-685:1]  Nevertheless, whether Windy went back inside the office with the Sherrif's deputy is not a fact that is of consequence to the determination of this action. |

IBUTZEL\000161884\0003\201295278.v1-4/14/26

**REBUTTAL TO PLAINTIFF'S EXHIBIT 83**

| Alleged Issue | Plaintiff's Description of Dr. Ropp's (CMO) Testimony | Plaintiff's Description of Carla Henry's (VP HR) Testimony | Plaintiff's Description of Sheila Windy's (Sr. Director Operations) Testimony | Plaintiff's Description of Kenneth Rates' (Dir. Operations) Testimony | Reason Testimony Is Not Inconsistent |
|---|---|---|---|---|---|
| Who Decided Termination for cause? Who chose "threats and violence?" | Does not know (55:23-25) | Dr. Patel (CEO) made decision; cause "threats and violence" selected by counsel. (88:1-3) | | | Simply one witness with knowledge of a fact; another one without knowledge of that fact. |
| Dr. Patel Aware of Discrimination Complaints | Does not know (54:14) | Staes Dr. Patel was aware (85:16-23) | | | Simply one witness with knowledge of a fact; another one without knowledge of that fact. |
| Dr. Patel Saw Emails Requesting Accommodation | States Dr. Patel knew of requests (54:8-11). | Denies Dr. Patel saw emails (85:24-25; 86:1-4) | | | Ropp testified that Dr. Patel knew about emails and request for a scribe.  Henry consistently testified Dr. Patel was aware of Plaintiff's complaints, but she never showed him the actual emails. [ECF No. 31-5, PageID.771:24-772:1] |