UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES H. CHRISTENSEN, D.O.,

Plaintiff,

v.

MCLAREN MEDICAL GROUP, a subsidiary of MCLAREN HEALTH CARE CORPORATION,

Defendant.

Case No. 24-cv-12642

**Hon. Judge Micheal C. Martin**

---

Charles H. Christensen DO (pro se)
3697 Port Austin Rd.
Port Austin, MI 48467
(989) 768-0529
chas1969@hotmail.com

Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
BUTZEL LONG P.C.
Attorneys for Defendant
201 W. Big Beaver, Suite 1200
Troy, MI 48084
(248) 258-1616
miglio@butzel.com
buchanan@butzel.com

---

# PLAINTIFF'S MOTION FOR CASE-SPECIFIC MODIFICATION OF ADMINISTRATIVE ORDER 26-AO-019 AND RETURN TO JUDGE WHITE (corrected version)

Plaintiff Charles H. Christensen, D.O., proceeding pro se, moves for case specific modification of Administrative Order 26-AO-019 and return of this action to District Judge Robert J. White. He requests that the assigned judge present this request to the Chief Judge and the Court for action under E.D. Mich. LR 83.11(b)(4), or under LR 83.11(b)(2) with the consents that rule requires.

This action was reassigned from Judge Ludington to Judge White on March 9, 2026. The parties completed briefing on Defendant's substantial summary judgment motion during his assignment; the last submission was filed April 25. Judge White also held an April 23 status conference concerning **Plaintiff's disability participation needs**, status conference and Sur-Reply discussion. The September 23 order caused a second change of district judge in roughly six months, after the motion had stood submitted for nearly five months. Transferring responsibility for this developed record at the decisional stage is a substantial setback to continuity and places Plaintiff and his family under renewed uncertainty while they are already managing serious mental-health strain.

The administrative order expressly lists this action for reassignment. Plaintiff seeks a case specific modification of that order, through the Court's reassignment procedure, returning the case to Judge White for further proceedings and resolution

of ECF No. 23. This request concerns continuity and the consequences of another transition, not the qualifications or impartiality of any judge.

**Local Rule 7.1(a) concurrence statement:** On 9/24/2026, Plaintiff emailed Defendant's counsel, Terrence J. Miglio, the proposed motion and requested concurrence. On 9/24/2026, Mr. Miglio responded by email: "We will not concur in your proposed motion." Defendant does not concur in the proposed motion.

Respectfully submitted,

/s/ Charles H. Christensen, D.O.

Charles H. Christensen, D.O.

Plaintiff, pro se

3697 Port Austin Rd.

Port Austin, MI 48467

(989) 768-0529

chas1969@hotmail.com

Dated: 9/24/2026

# BRIEF IN SUPPORT OF MOTION FOR CASE SPECIFIC REASSIGNMENT

**Issue Presented**

Whether the Court should modify Administrative Order 26-AO-019 for this action and restore it to Judge White when a substantial summary judgment record has been fully submitted during his assignment, a second reassignment would interrupt continuity at the decisional stage, and the renewed uncertainty imposes serious mental-health strain on Plaintiff and his family.

**Controlling or Most Appropriate Authority**

E.D. Mich. LR 83.11(b)(4) governs reassignment due to changes in judicial personnel by administrative order authorized by the Court. LR 83.11(b)(2) allows the Chief Judge to order reassignment for docket efficiency or in the interests of justice, subject to the consents required by that provision. Administrative Order 26-AO-019, at 1-2 (Sept. 22, 2026), supersedes 26-AO-009 and identifies this case for direct reassignment to Judge Martin. Fed. R. Civ. P. 1 calls for administration of civil proceedings to secure their just, speedy, and inexpensive determination. These sources provide the framework for this discretionary request. Plaintiff does not

assert that LR 7.1(h)(2), governing reconsideration of non-final judicial orders for specified errors or new circumstances, establishes a right to reverse an administrative assignment.

**Relevant Procedural History**

Administrative Order 26-AO-009 led to reassignment of this case from Judge Thomas L. Ludington to Judge White on March 9, 2026. Defendant's motion for summary judgment, ECF No. 23, was filed March 2nd, 2026. Plaintiff responded, Defendant replied, and Plaintiff filed a limited sur-reply, ECF No. 43, on April 25, 2026. Defendant described Plaintiff's considerable submission in ECF No. 36 as **a 1,319-page filing containing a 32-page brief and 116 exhibits**. That description indicates one part of the volume of material the Court must evaluate; it does not suggest that volume alone dictates assignment.

Judge White held a status conference on April 23, 2026. Plaintiff had raised **dyslexia and dysgraphia related participation needs**, including reading and processing materials, assistive technology, and note taking. Plaintiff does not suggest that a final accommodation ruling was made at that conference. He asks that the discussion and any prior submissions inform the next proceedings without

requiring him to begin those discussions anew solely because the assigned judge changed.

On September 22, 2026, Administrative Order 26-AO-019 superseded the March order and specifically listed Case No. 1:24-cv-12642 among cases directly reassigned to Judge Martin. The Clerk entered the corresponding text order on September 23. Plaintiff recognizes that the Clerk followed the administrative order as written.

**Argument**

A second reassignment now would be a substantial setback:

This case has moved beyond ordinary discovery. The summary judgment motion, response, reply, and limited sur-reply have been submitted with a large evidentiary record. Judge White was assigned the case as briefing was completed and remained responsible for the pending motion for approximately six months. Nearly five months passed between the final submission and the September 23 reassignment. He also conducted the April 23 status conference. These are concrete investments in continuity at a stage when the next significant judicial step is a decision on ECF No. 23.

A second transfer of this record in roughly six months requires a change in judicial responsibility during the decisional phase. A newly assigned judge must become acquainted with the parties' submissions, contested testimony, and exhibits before ruling. That transition imposes a substantial setback on a case awaiting a potentially dispositive decision, and it risks extending an already lengthy period without resolution. Plaintiff cannot know how much of the record Judge White has reviewed or predict the date of a ruling. The request rests on the objective timing, size of the record, and loss of continuity, without attributing any unfinished work or view of the merits to Judge White.

**The April conference reflects further case specific continuity**

Judge White's April conference addressed how Plaintiff can participate while managing dyslexia and dysgraphia, including processing written material, assistive technology, and note taking. The Court and Plaintiff have already devoted time to these needs. Another judicial transition at this stage requires Plaintiff to face the prospect of explaining the same limitations and requests again while the dispositive motion remains pending. Returning the action to Judge White would preserve continuity in the handling of both the submitted motion and Plaintiff's participation needs.

**The disruption carries serious mental health consequences**

Plaintiff has described in this litigation the psychological injuries he attributes to the underlying events, and he remains in **treatment with a psychologist and psychiatrist.** The prolonged pendency of the summary judgment motion and the **abrupt change of judge have intensified his mental-health stressors**. His family has also been affected; his wife is receiving mental-health care. Plaintiff asks the Court to recognize the present burden of another transition on this household, without deciding the merits or the extent of damages through this motion.

The disruption is real even before any additional calendar time can be measured. The prospect that a newly assigned judge must learn this extensive record after the case has already spent months awaiting a ruling places Plaintiff and his family back into an open-ended period of uncertainty **without livable income (> 2 years)**. Returning the case to Judge White would remove that second handoff at the point of decision. Plaintiff presents these effects as reasons for a case specific exercise of the Court's assignment authority, together with the record-based reasons for continuity.

**The Court can restore this action through its reassignment procedure**

Administrative Order 26-AO-019 expressly names this case. Plaintiff therefore requests action by the judicial authority able to modify that order for this action; he does not contend that the Clerk implemented it incorrectly. LR 83.11(b)(4) recognizes court-authorized administrative reassignment when judicial personnel change. LR 83.11(b)(2) separately provides for reassignment by the Chief Judge for docket efficiency or in the interests of justice, with the required judicial consents. The requested case specific exception would leave the disposition of the summary judgment motion on its merits entirely to the Court.

**Conclusion**

Plaintiff respectfully requests that the assigned judge transmit this motion to the Chief Judge and the Court for prompt case specific consideration; that Administrative Order 26-AO-019 be modified, or an appropriate reassignment order entered under LR 83.11, to restore Case No. 1:24-cv-12642 to Judge White; and that Judge White resume responsibility for the pending summary judgment motion and further proceedings.

Respectfully submitted,

/s/ Charles H. Christensen, D.O.

Charles H. Christensen, D.O.

Plaintiff, pro se

Dated: 09/24/2026

Certificate of Service

I certify that on 09/24/2026, I served this motion and supporting brief on counsel for Defendant by email.

/s/ Charles H. Christensen, D.O.